J-S02043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                                          :
             v.                            :
                                          :
                                          :
GERREN LEE FOULKES             :
                                          :
           Appellant         :     No. 468 EDA 2023

Appeal from the Judgment of Sentence Entered October 25, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-006793-2021

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED FEBRUARY 27, 2024**

Gerren Lee Foulkes appeals from the October 25, 2022 aggregate judgment of sentence of 4½ to 10 years' imprisonment imposed after a jury found him guilty of aggravated assault of a child under the age of six, endangering the welfare of children ("EWOC"), and simple assault.[1]  After careful review, we affirm the judgment of sentence.

The  trial court summarized the relevant facts and procedural history of this case as follows:

> The events underlying [Appellant's] convictions arose on February 10, 2021, at the apartment of N.J. in Pottstown, Montgomery County. N.J. resided there with her three children, including E.T. who was born

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(8), 4304(a)(1), and 2701(a)(1), respectively.

on July 3, 2019. [Appellant] also lived at the apartment on occasion, as he and N.J. had been "casually dating" for the past few months.

[Appellant] left the apartment that morning and was away much of the day, while N.J. and E.T. spent the day alone in the apartment. [Appellant] eventually returned and N.J. said she wanted to go out to buy cigarettes. [Appellant] told her to go and leave E.T. with him. N.J. then placed E.T in a toddler chair in front of the television with a snack and left the apartment.

While N.J. was out, [Appellant] telephoned her to ask her to pick up a bag of cosmetics for him. N.J. drove to where [Appellant] had directed her, but [Appellant] then called her back and told her to return to the apartment because another person was bringing the cosmetics bag to him.

N.J. returned to the apartment, having been gone for a total of approximately 20 minutes. Her friend, Joann Auman, arrived at the apartment at the same time, having previously made plans to meet up with N.J. The two found [Appellant] standing outside of the apartment building smoking a cigarette and speaking with someone who was sitting in a vehicle. [Appellant] appeared "very antsy and pacey."

N.J. and Auman went into the apartment and saw E.T. still sitting in his chair, but he did not seem himself. The child appeared scared and N.J. noticed that he was strapped into his chair, which he had not been when she had left. While she was trying to figure out what was wrong with the child, she received a telephone call from [Appellant], who had not returned with her inside the apartment and who asked if she was okay. She responded that she was "fine," and ended the call quickly because she was focused on the child. She then found a bright red mark on the back of E.T.'s head and telephoned [Appellant], who denied knowing what she was talking about and said he was on his way back to the apartment. In the interim, N.J. observed a giant lump on E.T.'s forehead.

When [Appellant] returned to the apartment, he was sweating, his eyes were bulging and he kept denying that he did anything to E.T. N.J. began to yell at [Appellant] and told him to leave. She then took E.T. to a local hospital and, from there, the child was transported to Children's Hospital of Philadelphia ("CHOP").

[Appellant] subsequently fled the area, but he and N.J. began communicating again in June 2021, with [Appellant] using an application that prevents tracking. He was apprehended in California on July 25, 2021.

[Appellant] was charged with aggravated assault of a victim less than 13, aggravated assault of a victim less than 6, [EWOC], and simple assault. Prior to trial he filed a motion in *limine* to preclude Anish Raj, M.D., who had examined E.T. at CHOP, from offering expert testimony on behalf of the Commonwealth regarding the cause of the injuries he had observed. This court denied the motion without prejudice to further rulings at the time of Dr. Raj's testimony.

Trial court opinion, 4/18/23 at 1-4 (citations to notes of testimony and footnotes omitted).

On August 1, 2022, Appellant proceeded to a jury trial before the Honorable Steven T. O'Neill. Following a three-day trial, Appellant was found guilty of aggravated assault of a child under the age of six, EWOC, and simple assault.[2] On November 2, 2022, Appellant filed a timely post-sentence motion, seeking modification of his sentence and challenging the weight of the

---

[2] The Commonwealth withdraw the charge of aggravated assault of a child under the age of 13.

- 3 -

evidence and the trial court's decision to allow Dr. Raj to testify as an expert. The trial court denied Appellant's post-sentence motion on January 12, 2023.

This timely appeal followed on February 9, 2023. On February 28, 2023, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed his timely Rule 1925(b) statement on March 19, 2023, and the trial court filed its Rule 1925(a) opinion on April 18, 2023.

Appellant raises the following issues for our review:

I. Did the trial court err in allowing Dr. Anish Raj to testify as an expert in the field of child abuse pediatrics when proper notice was not given to [Appellant's] counsel of such expert testimony and when the testimony of the expert relied upon the statements of another witness (the victim's mother) who demonstrated that she was less than credible during the trial in this matter, and over the verbal objection before and during trial, as well as the filing of two motions in *limine* by Appellant's counsel?

II. Did the trial court err in denying Appellant's post-sentence motion when the evidence was not sufficient to convict the Appellant[?] Specifically, no evidence was presented that [Appellant] had ever laid hands upon the child and the lack of credibility of two witnesses and the subsequent reliance upon N.J.'s statements by Dr. Raj led to convictions that were wholly based upon unreliable and insufficient facts to find that Appellant committed these crimes beyond a reasonable doubt?

III. Did the trial court err in imposing consecutive sentences on Appellant for two separate charges when the same course of conduct was the underlying basis for both charges[?] The

- 4 -

> Court failed to reference any of the mitigating factors as found by the pre-sentence investigation, including the lack of ongoing injury to the child and Appellant's employment and parenting history?

Appellant's brief at 7 (extraneous capitalization and internal quotation marks omitted).

Appellant first argues that the trial court abused its discretion in allowing Dr. Raj to offer his expert opinion in the field of child abuse pediatrics because his medical diagnosis relied, in part, on statements from the victim's mother, N.J., whom Appellant claims was not credible. *Id.* at 16. This claim is meritless.

> [I]n cases involving the admission of expert testimony . . . the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion. An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice.

*Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa.Super. 2013) (citation omitted), *appeal denied*, 80 A.3d 775 (Pa. 2013).

A witness who "is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if their knowledge is "beyond that possessed by the average layperson," the knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue," and "the expert's methodology is generally accepted in the relevant field." Pa.R.E. 702.

- 5 -

Upon review, we discern no abuse of discretion on the part of the trial court in permitting Dr. Raj to rely, in part, on statements made by the victim's mother, in formulating his expert opinion on whether E.T. was the victim of child abuse.[3] The record reflects that Dr. Raj, a board-certified doctor specializing in child abuse pediatrics at CHOP, testified about his extensive qualifications and experience in the field of child abuse pediatrics. Notes of testimony, 8/2/22 at 145-152. Dr Raj also testified at length with regard to the information he relied upon in forming his expert opinion, and ultimately, how the types of injuries E.T. sustained demonstrated a high concern "for inflicted trauma … caused by someone else." *Id.* at 160-165. Dr. Raj noted that he personally examined E.T. at CHOP and, in so doing, reviewed the child's available medical records, a CT scan of his head, and received an oral medical history of E.T. from his mother. *Id.* at 165-166. At trial, the trial court instructed the jury that they remained the sole triers of Dr. Raj's credibility, and that when evaluating the weight of his testimony they should consider the source and reliability of the information upon which he bases his opinion. *Id.* at 155-156.

It is well settled in this Commonwealth that medical experts may rely on statements made to them for the purposes of formulating their medical

---

[3] Appellant concedes in his brief that Dr. Raj qualifies as an expert in the field of child abuse pediatrics. *See* Appellant's brief at 20.

opinion. "[A] medical expert may base his opinion upon facts which are in the record and reports of others which are not in medicine but customarily relied upon in practicing medicine, including the observations of lay persons." ***Commonwealth v. Hernandez***, 615 A.2d 1337, 1343 (Pa.Super. 1992) (citation omitted). The jury in this matter, as fact-finder, was entitled to believe all, part, or none of Dr. Raj's expert medical testimony. ***See Gunn v. Grossman***, 748 A.2d 1235, 1240 (Pa.Super. 2000) (stating, "the fact-finder is free to accept or reject the credibility of both expert and lay witnesses, and to believe all, part or none of the evidence." (citations omitted)), ***appeal denied***, 764 A.2d 1070 (Pa. 2000). Based on the foregoing, we find Appellant's challenge to the admission of Dr. Raj's expert testimony must fail.

Appellant next argues that the Commonwealth presented insufficient evidence to sustain his convictions for aggravated assault of a child under the age of six, EWOC, and simple assault. Appellant's brief at 26.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Thomas***, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), ***appeal denied***, 4 A.3d 1054 (Pa. 2010).

- 7 -

Preliminarily, we observe that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement **must state with specificity** the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1248 (Pa.Super. 2015) (citations omitted; emphasis added). Where a 1925(b) statement raises a challenge to the sufficiency of the evidence supporting a particular conviction and "does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal]." ***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa.Super. 2008).

In the instant case, Appellant submitted a timely Rule 1925(b) statement containing three issues, which included a blanket challenge to the sufficiency of the evidence supporting his convictions. However, Appellant failed to even specify the convictions he is challenging on appeal, let alone identify any element of any of the crimes he was convicted which allegedly were not supported by sufficient evidence. ***See*** Appellant's Rule 1925(b) statement, 3/19/23 at ¶ 2. The trial court found that Appellant waived his sufficiency claims on this basis. Trial court opinion, 4/18/23 at 8-9.

We emphasize that requiring "[s]uch specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Commonwealth v. Gibbs***, 981

- 8 -

A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010). Accordingly, as Appellant failed to provide any specific detail in his concise statement for his sufficiency claims to allow for proper review, we agree with the trial court that this issue is waived.

In his final claim, Appellant argues that the trial court abused its discretion in sentencing him to consecutive sentences for aggravated assault of a child under six and EWOC and by failing to consider numerous mitigating factors identified in the pre-sentence investigation ("PSI") report. Appellant's brief at 36.

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute.

*Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his claim in a post-sentence motion. Appellant has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). **See** Appellant's brief at 15. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

Here, Appellant baldly contends that the trial court's imposition of consecutive sentences "was prejudicial on its face" and that the court should have referenced "the positive aspects of the [PSI report] in fashioning the sentence in this case[.]" Appellant's brief at 15, 36.

This Court has recognized that "claims premised on imposition of consecutive sentences do not raise a substantial question for our review." ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa.Super. 2018). "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]" ***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa.Super. 2015) (***en banc***), ***appeal denied***, 126 A.3d 1282 (Pa. 2015). Likewise, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa.Super. 2021) (citations omitted); ***see also Caldwell***, 117 A.3d at 769 (Pa.Super. 2015) (holding that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question.").

Based on the foregoing, we find that Appellant's argument fails to raise a substantial question, and, therefore, he has not preserved his challenge to the discretionary aspects of sentencing.[4]

Accordingly, for all the foregoing reasons, we affirm the October 25, 2022 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2024

---

[4] Even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. The record reflects that the trial court indicated that it thoroughly reviewed the PSI report in this matter. **See** notes of testimony, 10/25/22 at 26-27; **see also** trial court opinion, 4/18/23 at 12. Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), **appeal denied**, 95 A.3d 275 (Pa. 2014).